ALEXANDER PUTNAM *vs.* LORENZO D. BIXBY.

A creditor claiming under an attachment in an action before a justice of the peace cannot,
by petition under Rev. Sts. *c.* 90, §§ 83–94, dispute the validity of a prior attachment in
an action in a higher court.

PETITION to the court of common pleas, under Rev. Sts. *c.* 90,
§§ 83–94, by a subsequent attaching creditor, to dissolve a prior
attachment made in an action commenced and pending in that
court.   The subsequent attachment was made in an action com-
menced and pending before a justice of the peace; and *Mellen,*
C. J. for that reason dismissed the petition.   The petitioner al-
leged exceptions.

*G. Swan,* for the petitioner.   By the Rev. Sts. *c.* 90, §§ 83,
84, any person claiming " any title or interest, by force of a sub-
sequent attachment, or purchase, or mortgage, or in any other
manner, in any estate, real or personal, that is attached in a suit
between other persons," may dispute the validity and effect of
the prior attachment, by petition to " the court in which the first
suit is pending, at any time before final judgment therein."   The
provision of § 94, that " nothing contained in the eleven preced

ing sections shall apply to any action commenced before a justice of the peace," refers only to the action in which the first attachment is made, and should not be construed to deny to a creditor, claiming under a subsequent attachment in an action before a justice of the peace, this remedy, which is clearly secured to him if claiming by " purchase or mortgage, or in any other manner." It is no objection that the two actions are pending in different courts; for, under any construction, one might be in the court of common pleas, and the other in this court. And the other exception in § 94—" nor to any action whatever, that shall be commenced before this act shall take effect "—the only object of which must be to protect rights acquired under a prior attachment, shows the limits of the application of- that section.

*W. S. Davis*, for the prior attaching creditor.

Dewey, J. The court are of opinion that the construction contended for by the petitioner is not the proper construction of the Rev. Sts. *c.* 90, § 94, and that that section is of broader import, and was intended to exclude altogether the application of these provisions for vacating attachments to suits commenced before a justice of the peace, as well where they were subsequent, as prior attachments. The language of the section is " that nothing contained in the eleven preceding sections shall apply to any action commenced before a justice of the peace." This seems to be very explicit and unambiguous. The reason for excluding such cases is very obvious, when we consider the limited jurisdiction of justices of the peace, and the somewhat protracted and expensive proceedings that would arise in the hearing and determination of a cause of alleged fraudulent attachment. *Exceptions overruled.*